# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

**CR 18 462**

THOMAS KELLER,



~~SEALED BY ORDER OF THE COURT~~

*FILED*

SEP 27 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

*VC*

DEFENDANT(S).

---

# INDICTMENT

VIOLATIONS:  21 U.S.C. 841(a)(1) & 841(b)(1)(C) (dispensing and distributing a Schedule II controlled substance without a legitimate medical purpose) (Counts One and Two); 21 U.S.C. 841(a)(1) & 841(b)(2) (dispensing and distributing a Schedule IV controlled substance without a legitimate medical purpose) (Count Three) 18 U.S.C. 1347 (health care fraud) (Counts Four and Five)

---

A true bill.

*Helga Gruber*

*Helga Gruber*                                   Foreman

Filed in open court this ___27___ day of _SEPT_  _2018_

*[signature]*                        9/27/18

*Ivy L. Garcia*                                   Clerk

Bail, $ _____   *Summons*

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  
☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

### OFFENSE CHARGED

21 U.S.C. 841(a)(1) & 841(b)(1)(C) (dispensing and distributing a Schedule II controlled substance without a legitimate medical purpose) (Counts One and Two)
21 U.S.C. 841(a)(1) & 841(b)(2) (dispensing and distributing a Schedule IV controlled substance without a legitimate medical purpose) (Count Three)
18 U.S.C. 1347 (health care fraud) (Counts Four and Five) ⊞

☐ Petty
☐ Minor
☐ Misde- meanor
☒ Felony

PENALTY: See Attachment A

~~SEALED BY ORDER OF THE COURT~~

### DEFENDANT - U.S.

▸ Thomas Keller

DISTRICT COURT NUMBER

CR 18 462 VC

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

DEA

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form    Alex G. Tse

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Shailika S. Kotiya

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▸
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

~~FILED~~

SEP 27 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▸

Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▸

Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT

Bail Amount:

If Summons, complete following:
☒ Arraignment  ☒ Initial Appearance

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

751 Church Street, Santa Rosa, CA 95405

Date/Time: Oct. 1, 2018; 9:30 A.M.    Before Judge: Joseph C. Spero

Comments:

**Attachment A**
**Indictment**
**United States v. Thomas Keller**

| | |
|---|---|
| Counts 1 and 2 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) – Distribution of Schedule II Controlled Substances |
| Count 3 | 21 U.S.C. § 841(a)(1) and 841(b)(2) – Distribution of Schedule IV Controlled Substances |
| Counts 4 and 5 | 18 U.S.C. § 1347 – Health Care Fraud |

Counts 1 and 2: For each count, Maximum 20 Years Imprisonment; Maximum Fine of $1,000,000 or twice the gain or loss; Minimum Supervised Release of 3 Years; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Forfeiture; Mandatory and Discretionary Denial of Federal Benefits.

Count 3: For each count, Maximum 5 Years Imprisonment; Maximum Fine of $250,000 or twice the gain or loss; Minimum 1 Year Supervised Release; Maximum Supervised Release of Life; Mandatory $100 Special Assessment; Potential Deportation; Forfeiture; Mandatory and Discretionary Denial of Federal Benefits.

Counts 4 and 5:  For each count, Maximum 10 Years Imprisonment; Maximum Fine of $250,000 or twice the gain or loss; Maximum Supervised Release of 3 Years; Mandatory $100 Special Assessment; Potential Deportation; Forfeiture; Restitution.

ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SHAILIKA S. KOTIYA (CABN 308758)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7443
    FAX: (415) 436-7234
    shailika.kotiya@usdoj.gov

Attorneys for United States of America

**FILED**

SEP 2 7 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

*VC*

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. **CR 18 462** |
|     Plaintiff, | |
|     v. | VIOLATIONS: Counts One through Three: 21 U.S.C. § 841(a)(1) – Distribution of a Controlled Substance; 18 U.S.C. § 1347 – Health Care Fraud; 18 U.S.C. § 982 and 21 U.S.C. § 853(a) – Criminal Forfeiture Allegations |
| THOMAS KELLER, | |
|     Defendant. | **[UNDER SEAL]** |

INDICTMENT

The Grand Jury charges:

COUNT ONE:    (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Fentanyl Outside the Scope of Professional Practice)

On or about July 2, 2018, in the Northern District of California, the defendant,

THOMAS KELLER,

a physician licensed to practice medicine in the State of California and authorized to dispense controlled

substances, did knowingly and intentionally distribute a mixture and substance containing a detectable

amount of N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide (otherwise known as fentanyl),

INDICTMENT

1  a Schedule II controlled substance, to G.B., knowing and intending that the distribution was outside the

2  scope of professional practice and not for a legitimate medical purpose, in violation of Title 21 United

3  States Code, Sections 841(a)(1) and (b)(1)(C).

4  COUNT TWO:        (21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) – Distributing Oxycodone Outside the
                     Scope of Professional Practice)

5

6          On or about June 8, 2017, in the Northern District of California, the defendant,

7                              THOMAS KELLER,

8  a physician licensed to practice medicine in the State of California and authorized to dispense controlled

9  substances, did knowingly and intentionally distribute Oxycodone, a Schedule II controlled substance, to

10  A.M., knowing and intending that the distribution was outside the scope of professional practice and not

11  for a legitimate medical purpose, in violation of Title 21 United States Code, Sections 841(a)(1) and

12  (b)(1)(C).

13  COUNT THREE:      (21 U.S.C. §§ 841(a)(1) & 841(b)(2) – Distributing Tramadol Outside the Scope
                      of Professional Practice)

14

15          On or about March 12, 2018, in the Northern District of California, the defendant,

16                              THOMAS KELLER,

17  a physician licensed to practice medicine in the State of California authorized to dispense controlled

18  substances, did knowingly and intentionally distribute Tramadol, a Schedule IV controlled substance, to

19  A.M., knowing and intending that the distribution was outside the scope of professional practice and not

20  for a legitimate medical purpose, in violation of Title 21 United States Code, Sections 841(a)(1) and

21  (b)(2).

22  COUNT FOUR:       (18 U.S.C. § 1347 – Health Care Fraud)

23          On or about March 12, 2018, in the Northern District of California, the defendant,

24                              THOMAS KELLER,

25  did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud a health

26  care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b),

27  namely, Anthem Blue Cross of California, all in connection with the delivery of and payment for health

28  care benefits, items, and services, and did for the purpose of executing and attempting to execute said

INDICTMENT

1  fraudulent scheme, knowingly and willfully submit and cause to be submitted to Anthem Blue Cross of

2  California, and to be paid by Anthem Blue Cross of California, a false and fraudulent claim relating to

3  patient A.M., in violation of Title 18, United States Code, Section 1347.

4  <u>COUNT FIVE:</u>        (18 U.S.C. § 1347 – Health Care Fraud)

5        On or about July 24, 2015, in the Northern District of California, the defendant,

6                              THOMAS KELLER,

7  did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud a health

8  care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b),

9  namely, Medi-Cal, all in connection with the delivery of and payment for health care benefits, items, and

10  services, and did for the purpose of executing and attempting to execute said fraudulent scheme,

11  knowingly and willfully submit and cause to be submitted to Medi-Cal, and to be paid by Medi-Cal, a

12  false and fraudulent claim relating to patient A.R., in violation of Title 18, United States Code, Section

13  1347.

14  <u>FORFEITURE ALLEGATIONS:</u>        (18 U.S.C. §§ 981(a)(1)(C), 982(a)(7); 21 U.S.C. §  853; and 28
                                          U.S.C. § 2461(c) – Criminal Forfeiture)

15

16        The factual allegations contained in Counts One through Five of this Indictment are hereby re-

17  alleged and fully incorporated as if set forth here, for the purpose of alleging forfeiture pursuant to Title

18  18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), Title 21, United States Code, Section 853,

19  and Title 28, United States Code, Section 2461(c).

20        Upon conviction for any of the offenses alleged in Counts One through Three, the defendant,

21                              THOMAS KELLER,

22  shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property

23  constituting, or derived from, any proceeds that defendant obtained, directly or indirectly, as the result of

24  such violations, and any property used or intended to be used, in any manner or part, to commit or to

25  facilitate the commission of such violations, including but not limited to his license to practice as a

26  physician in California (License No. G 27288).

27  //

28  //

INDICTMENT

1   If any of the property, as a result of any act or omission of the defendant(s):

2       a.    cannot be located upon the exercise of due diligence;

3       b.    has been transferred or sold to, or deposited with, a third party;

4       c.    has been placed beyond the jurisdiction of the court;

5       d.    has been substantially diminished in value; or

6       e.    has been commingled with other property which cannot be divided without

7           difficulty,

8   the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

9   United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

10       Upon a conviction of any of the offenses alleged in Counts Four and Five, the defendant,

11           THOMAS KELLER,

12   shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and

13   982(a)(7), and Title 28, United States Code, Section 2461(c), all property, real or personal, that

14   constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the

15   offense, including but not limited to a sum of money equal to the gross proceeds obtained as a result of

16   the offense.

17       If any of the property, as a result of any act or omission of the defendant(s):

18       a.    cannot be located upon the exercise of due diligence;

19       b.    has been transferred or sold to, or deposited with, a third party;

20       c.    has been placed beyond the jurisdiction of the court;

21       d.    has been substantially diminished in value; or

22       e.    has been commingled with other property which cannot be divided without

23           difficulty,

24   the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

25   United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

26   //

27   //

28   //

INDICTMENT

1    All in violation of Title 18, United States Code, Sections 982(a)(7) and 982(a)(7); Title 21,

2  United States Code, Section 853; and Title 28, United States Code, Section 2461(c); and Rule 32.2 of

3  the Federal Rules of Criminal Procedure.

4

5  DATED: September 27, 2018                    A TRUE BILL.

6

7                                              FOREPERSON

8  ALEX G. TSE
   United States Attorney
9

10

11  STEPHANIE HINDS
    Deputy Chief, Criminal Division
12

13  (Approved as to form:                  )
                        SHAILIKA S. KOTIYA
14                      Assistant United States Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT