UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>THOMAS KELLER,<br><br>            Defendant. | Case No.  18-cr-00462-VC-1<br><br>**RULINGS ON MOTIONS IN LIMINE AND MOTION TO SEAL**<br><br>Re: Dkt. Nos. 169, 170, 171, 176, 177, 179, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 198, 199, 200 |

This order summarizes the Court's current rulings on the parties' motions in limine. As a reminder, a ruling on a motion in limine may be revised at trial. *See City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

Keller's Motions in Limine[1]

1. Keller's motion to exclude the expert testimony of former DEA diversion investigator Susannah Heckert is denied as moot. The government does not intend to introduce Heckert's testimony at trial.

2. A ruling on Keller's motion to exclude the expert testimony of Senior Data Analyst

---

[1] The defense's motion to seal Exhibits 2–8 to the Declaration of David Rizk in Support of Motions in Limine 7–10 and Exhibits P, Q, and T–Z to the First Declaration of Elizabeth Falk in Support of Motions in Limine 1–6 is granted. Those documents contain personal identifiable information and sensitive medical information of Keller's former patients.

Lauren McNulty and related statistical analysis is deferred. A *Daubert* hearing is set for November 19, 2021, at 10:00 a.m.

3. A ruling on Keller's motion to exclude the testimony of DEA Intelligence Analyst Paul Short and the related CURES spreadsheets is deferred. The parties have represented that they will meet and confer about this issue. However, Short did not need to be noticed as an expert because he has merely created charts summarizing data, which does not require the use of specialized knowledge.

4. Keller's motion to exclude excerpts from his journal is granted in part, denied in part, and deferred in part. The journal is not covered by the psychotherapist privilege because it does not contain confidential communications with a therapist made during a course of treatment. *See United States v. Romo*, 413 F.3d 1044, 1047 (9th Cir. 2005). Keller's course of therapeutic treatment ended upon his discharge from the residential facility almost three decades ago and his journal was no longer being shared with a treating therapist. The fact that his therapist recommended that he continue writing in it for the rest of his life does not make the journal entries part of a continuing course of treatment.

Entries relating to A.M., the defendant being a "legal drug dealer," "not a doctor," or the like, and changes made to Keller's practice after the Medical Board began its investigation are admissible. Those statements are very probative of Keller's knowledge and intent to act outside the course of professional practice and without a legitimate medical purpose and his lack of accident or mistake in overprescribing A.M.  *See* Fed. R. Evid. 404(b). While the entries are quite prejudicial, they are not unfairly so given their high probative value. *See* Fed. R. Evid. 403.

Entries about other patients exhibiting drug-seeking behaviors, Keller's views of

his other patients, and Keller's frustration with his perceived career failure are not admissible. Those entries are not very probative of the issues in this case, and whatever probative value they have is substantially outweighed by the risk of unfair prejudice. *See id.*

The Court defers ruling on the entries about Keller's financial insecurities until the government provides an offer of proof about the extent to which the conduct charged in this case could have alleviated those financial concerns.

5. Keller's motion to exclude evidence of Medical Board records and complaints about uncharged patients is granted in part and denied in part. The 1990 revocation and 1994 reinstatement of Keller's medical license and the 2000 malpractice claim that led to a reprimand letter are not inextricably intertwined with the events charged in this case. They are also not admissible for a non-propensity purpose under Rule 404(b). To the extent they are probative of motive or intent, as the government contends, that relevance is substantially outweighed by the risk of unfair prejudice. *See* Fed. R. Evid. 403.

    The motion to admit the Medical Board complaint related to patient J.P. is denied as moot. The government does not intend to introduce that evidence.

    The government may introduce evidence of the Medical Board complaint related to patient K.D. The fact that another medical professional communicated concerns about over-prescription to Keller around the time of the charged prescriptions to A.M. is very probative of Keller's knowledge, intent, absence of mistake, or lack of accident in treating A.M. *See* Fed. R. Evid. 404(b). That relevance is not substantially outweighed by any of the Rule 403 factors.

6. Keller's motion to exclude A.M.'s mental health records is denied as moot. The

government does not intend to introduce that evidence.

7. Keller's motion to exclude evidence of uncharged patients and prescriptions is granted in part, denied as moot in part, and deferred in part. Uncharged prescriptions written to A.M. are admissible as inextricably intertwined with the events charged in Counts One through Ten. The government has represented that it does not intend to call the undercover officer in its case-in-chief so the motion to preclude that testimony is denied as moot. And the Court will defer ruling whether the government may introduce evidence of Dr. Keller's treatment of patients S.W. and J.S. and anything other than a high-level overview of his treatment of A.R. as those decisions may depend on the resolution of motions in limine that remain pending.

   The government may call one or two pharmacists who contemporaneously notified Keller of their concerns about his prescriptions for other patients around the time of the charged prescriptions to A.M. As previously mentioned, evidence that other medical professionals communicated concerns about Keller's prescriptions to him is highly probative of his knowledge, intent, lack of accident, and absence of mistake in prescribing to A.M. *See* Fed. R. Evid. 404(b). And that probative value is not substantially outweighed by a risk of unfair prejudice. *See* Fed. R. Evid. 403.

8. Keller's motion to exclude the expert testimony of Dr. Szabo and Dr. Franklin is denied in part and deferred in part. Dr. Franklin's testimony about background principles of medical practice and pain management is clearly relevant and, given Dr. Szabo's potential credibility issues, not unnecessarily duplicative or a waste of time. *See* Fed. R. Evid. 403.

   Dr. Szabo's testimony was properly noticed. Even if the expert disclosure notice

is lacking, the government also provided Dr. Szabo's reports that relay his opinions about the patient files he examined in detail. At minimum, Dr. Szabo may testify about his opinion of A.M.'s course of treatment and generalized principles of pain management as they relate to her. The Court will defer ruling on whether he is permitted to testify on direct about Keller's treatment of other patients, as that determination may depend on the resolution of motions in limine that remain pending.

9. Keller's motion to exclude witnesses from the courtroom is granted in part and denied in part. Unless exempt under Rule 615, witnesses for both sides are excluded from the courtroom for the entirety of trial, including opening and closing statements, and motion hearings. The government may only designate one case agent. The case agent or any other "essential witness" permitted inside the courtroom may only be present during the presentation of evidence related to their area of expertise, which for a case agent is the entire case. Given that the government's case agent will only testify about the authentication of documents and decisions made during the course of the investigation, the Court is not concerned that his testimony will be swayed by other witnesses and therefore declines to order him to testify first. Both sides' witnesses are ordered not to read trial transcripts or discuss the case, their testimony, or courtroom events with anyone other than counsel during trial, and counsel must instruct their witnesses accordingly.

10. Keller's motion to exclude unnoticed other acts evidence is granted. *See* Fed. R. Evid. 404(b)(3).

The Government's Motions in Limine

1. The court defers ruling on the government's motion to admit prescription data from

      CURES and the Medicare database and charts showing how Keller's prescription history compares to other doctors in California. *See supra* Keller's Motions in Limine 2, 3.

2. The government's motion to admit the testimony of uncharged patients is granted in part, denied as moot in part, and deferred in part. *See supra* Keller's Motion in Limine 7.

3. The government's motion to admit excerpts from Keller's journal is granted in part, denied in part, and deferred in part. *See supra* Keller's Motion in Limine 4.

4. The government's motion to admit testimony of other medical professionals and prior bad act evidence is granted in part, denied in part, and deferred in part. The government may call one or two pharmacists who contemporaneously notified Keller of their concerns about his prescriptions for other patients around the time of the charged prescriptions to A.M. *See supra* Keller's Motion in Limine 7. The government may also introduce evidence of the Medical Board complaint related to patient K.D. *See supra* Keller's Motion in Limine 5. Again, evidence that other medical professionals communicated concerns about over-prescription to Keller is particularly probative of his knowledge, intent, lack of accident, and absence of mistake in prescribing to A.M.

      Evidence of Keller's license revocation and reinstatement and public reprimand is denied. *See id.*

      The Court defers ruling on the admissibility of the UnitedHealthcare report. The government is ordered to file that document on the docket within seven days.

5. The government's motion to preclude Keller from introducing his own hearsay statements is granted. The government is directed to disclose the specific statements it intends to introduce no later than December 20, 2021.

6. The government's motion to preclude arguments about nullification is granted as to both

parties. *See* Fed. R. Evid. 401, 403.

7. The government's motion to exclude evidence and argument about whether other providers committed the same crimes is deferred.

8. The government's motion to require a pretrial offer of proof before allowing unnoticed affirmative defenses is unopposed and therefore granted.

9. The government's motion to require an offer of proof for any *Henthorn* inquiry of a government witness is granted.

10. The government's motion to admit certain documents as self-authenticating is deferred.

11. The government's motion to preclude mention of Keller's state trial is granted. If a state court transcript is used to impeach a witness, counsel should refrain from referring to the state court trial and instead refer to the witness's "prior testimony under oath" or the "prior proceeding."

12. A ruling on the government's motion to permit impeachment of Keller with his two applications for employment is deferred.

**IT IS SO ORDERED.**

Dated: November 5, 2021

_____
VINCE CHHABRIA
United States District Judge