UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>    v.<br>THOMAS KELLER,<br>        Defendant. | Case No. 18-cr-00462-VC-1<br><br>**ORDER RE OUTSTANDING DISPUTED ISSUES**<br>Re: Dkt. No. 192, 293 |

This order addresses the outstanding evidentiary disputes identified by the parties in their January 4 filing, which includes issues raised in Government Motion Nos. 1, 2, 3, 4, 10, and 12 and Defense Motion Nos. 2, 3, 4, and 7.

1. The government's request to further argue for the admissibility of S.W.'s testimony at Thursday's status conference is denied. The government may file a formal motion for reconsideration if it wishes, and if it believes in good faith it can meet the standard for reconsideration.

2. Regarding the admissibility of Keller's prior statements, the Court has attached its recent ruling in another case that explains its approach to rule of completeness issues. *See* Fed. R. Evid. 106. The parties should familiarize themselves with that ruling. The Court also requires the government to file the transcript of Keller's statements by tomorrow, January 5, at noon.

3. As both parties agree to defer ruling on the impeachment evidence until trial, the Court declines to address it here.

4. Regarding the admissibility of the documents listed in Government Motion in Limine

10, the Court again reiterates that it cannot rule on documents it has not seen. If the CME and Lippincott training records, the OptumRX letters regarding A.M., the Medi-Cal claims data, Keller's Medi-Cal enrollment and related records, and A.M.'s toxicology report are not filed on the docket before the status conference on January 6, they will be excluded based on the government's repeated failure to submit them. The government must also identify the exhibits it intends to introduce from the CME and Lippincott training records to the defense by Thursday's status conference.

It appears there are no remaining objections to the Medicare Part D Prescription Drug Event data. The same is true of the CURES datasets; that dispute appears moot because the government does not plan to offer the CURES data of any patient other than A.M. (unless the defense opens the door to Dr. Szabo's expert testimony about uncharged patients). If that is incorrect, the defense should be prepared to articulate their remaining objections at the status conference.

Finally, the UnitedHealthcare leads report is excluded under Rule 403. The document's probative value is substantially outweighed by undue prejudice, including its references to Keller's past criminal and disciplinary history and its editorialized assessment of his prescription habits. Its introduction also risks wasting the jury's time on collateral issues, as the defense would presumably be permitted to introduce evidence that Keller appropriately prescribed to the patients identified in the report.

5. The Court is prepared to schedule the second *Daubert* hearing of Lauren McNulty for the week of January 24. The parties should be prepared to set a date at the status conference on Thursday.

6. The government must identify the charts prepared by Paul Short that it plans to introduce at trial to the defense and file them on the docket by Thursday's status conference.

7. Keller's motion to reconsider the admission of his journal entries about the cancellation of his medical malpractice insurance is denied for the reasons stated by

the government in the joint filing. *See* Dkt. No. 293 at 11.

**IT IS SO ORDERED.**

Dated: January 4, 2022

_____
VINCE CHHABRIA
United States District Judge