UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>              Plaintiff,<br>   v.<br>THOMAS KELLER,<br>              Defendant. | Case No. 18-cr-00462-VC-1<br><br>**ORDER RE TRIAL DATE** |

      This case was set for trial on January 28, 2022. Two and a half weeks before trial, Keller moved for a continuance due to pandemic-related difficulties that affected his trial preparation (including conducting witness interviews and serving subpoenas). The Court granted his request but did not immediately set a new date. Keller now requests a March trial date. The government requests that the trial be conducted after June. By the end of June, the government notes, the Supreme Court will have issued its decision in *Ruan v. United States*—a case involving the elements of the primary offense Keller is charged with. No. 20-1410 (set for argument on March 1, 2022). Keller objects to such a long delay and states that he will invoke his rights under the Speedy Trial Act to bring the case to trial sooner. He is out of custody. For various reasons (including parallel state charges, the pandemic, a change in defense counsel, and the complexity of pretrial discovery) the case has been pending since 2018.

      The parties agree that 67 days remain on the speedy trial clock. The clock is currently tolled because the parties' treatment of certain motions in limine has prolonged their adjudication. In October 2021 the government filed what, at least initially, seemed like a simple pretrial motion regarding the self-authentication of documents. That motion has progressively

morphed into multiple substantive motions about the admissibility of those documents under the Federal Rules of Evidence. *See* Dkt. No. 187 (Oct. 15, 2021); Dkt. No. 222 (Oct. 23, 2021); Dkt. No. 266 (Dec. 10, 2021); Dkt. No. 268 (Dec. 12, 2021); Dkt No. 293 (Jan. 4, 2022); Dkt. No. 339 (Jan. 5, 2022); Dkt. No. 374 (Jan. 28, 2022). Keller has also indicated that he will again seek to exclude government expert Lauren McNulty. He has requested a second *Daubert* hearing, which will be scheduled shortly. The speedy trial clock is therefore not an immediate concern, although it could become relevant once all the pending motions are adjudicated.

The Court is not inclined to continue the trial past June solely because of the pending Supreme Court decision. But there is a different and more serious issue: Keller is unwilling to stipulate to exclude people from the jury pool who are unvaccinated or decline to state their vaccination status. Given the public health concerns presented by the COVID pandemic, the Court is highly unlikely to proceed to trial in March with jurors who are unvaccinated or decline to state. Unless conditions change dramatically, having unvaccinated people in close quarters with others during jury selection and trial would unnecessarily jeopardize the health and safety of people involved, including court staff and the jurors themselves. In addition, because the presence of unvaccinated people increases the risk that people involved in the trial will get sick, there is an increased risk of a mistrial (or at least serious disruption, in the form of delay, for the members of the community who are chosen to serve as jurors). Moreover, as we all know, if an unvaccinated juror gets sick, there is a much greater risk of serious illness and thus a much greater risk of exacerbated disruption. And under current CDC guidelines, unvaccinated jurors must quarantine for a minimum of five days if they are exposed to anyone who tests positive, which could also result in serious trial delays.

Although both sides in criminal cases regularly agree to exclude unvaccinated and decline-to-state jurors in this District, Keller has stated he will not do so. Initially, he suggested that his position was based on an assumption that unvaccinated people might be less sympathetic to the government's position at trial given the nature of the charges. He has also asserted that excluding unvaccinated and decline-to-state jurors would prevent his jury from representing a

2

fair cross-section of the community. At least based on the current record, however, the Court could exclude unvaccinated jurors (and those who decline to state) over Keller's objection. *See generally United States v. Elias*, 2022 WL 125721 (E.D.N.Y. Jan. 13, 2022); *Joffe v. King & Spalding LLP*, 2021 WL 5864427 (S.D.N.Y. Dec. 10, 2021); *United States v. Moses*, 2021 WL 4739789 (W.D.N.Y. Oct. 12, 2021); 28 U.S.C. § 1866(c).

That said, the Court is not inclined to force Keller to go to trial with only vaccinated jurors in March. After all, it will presumably (albeit not certainly) be safer, with less potential for significant disruption, to go to trial with unvaccinated jurors in a few months. Therefore, if Keller believes that it would be more appropriate to include unvaccinated jurors in the pool, he may delay his trial. After all, Keller has not articulated any specific prejudice that would result from a delay beyond March.

Accordingly, Keller must inform the Court by noon on Tuesday, February 8, whether he wishes to proceed to trial on March 10 (realizing that the Court is almost certain to require the jury pool to be vaccinated).[1] If Keller prefers not to proceed in March under those likely conditions, the Court will set a trial date upon the adjudication of the pending motions. The parties are also encouraged to consider how this order may affect their options under the Jury Selection and Service Act. *See* 28 U.S.C. § 1867(a).

**IT IS SO ORDERED.**

Dated: February 3, 2022

VINCE CHHABRIA
United States District Judge

---

[1] Whether the Court would exclude those without booster shots, merely those without the original two-shot series of mRNA vaccines or a single shot of the Johnson and Johnson vaccine, or those who need to quarantine after exposure under the CDC's current guidelines is reserved for a later date.