UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>      v.<br><br>THOMAS KELLER,<br><br>               Defendant. | Case No.  18-cr-00462-VC-1<br><br>**ORDER RE ADMISSION OF KELLER'S STATEMENTS TO LAW ENFORCEMENT**<br><br>Re: Dkt. No. 293 |

This order summarizes the Court's rulings regarding Keller's statements to law enforcement in June 2018.

Live issues remain only for Clips 1, 4, and 5. The defense did not object to Clip 3, and at the January 6, 2022, status conference the government withdrew Clip 7. At the same status conference, the government asserted it would include the parts of the transcript Keller identified under the Rule of Completeness, which moots the defense's objections to Clips 2 and 6.

Clip 1 is admissible in its entirety. Although the probative value of this clip does not appear particularly high, it is not excludable under Rule 403. Keller's statement about whether and when he checked his patients' CURES reports is neither confusing nor unduly prejudicial. How patients were referred to Keller's pain practice and the steps he took to ensure they were not abusing or diverting their opioid prescriptions are relevant to the issues in this case.

Clip 4 is admissible from page 57, line 14 to page 59, line 9. The remaining statements about an unidentified patient's multiple neck operations are excluded under Rule 403. Those details are marginally relevant (if at all) and would be confusing if presented to the jury.

Clip 5 is admissible, except for page 72, lines 5–16 and page 72, line 25 to page 75, line

1. Those portions are excluded under Rule 403, largely for reasons discussed in prior rulings.

      **IT IS SO ORDERED.**

Dated: February 17, 2022

_____
VINCE CHHABRIA
United States District Judge