UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>  v.<br>THOMAS KELLER,<br>    Defendant. | Case No. 18-cr-00462-VC-1<br><br>**ORDER RE MOTION IN LIMINE 10**<br>Re: Dkt. No. 187 |

  This order summarizes the Court's rulings on the documents associated with Government's Motion in Limine 10, including the substantive objections the defense raised in its various opposition filings. No further filings relating to Motion in Limine 10 will be accepted. Any further substantive objections to these documents must be raised in a separately noticed motion, but the Court will not reconsider any arguments—written or oral—previously made by either side.

  The following sections list the categories of documents encompassed by this motion as they were identified by the government in its latest filing. *See* Dkt. No. 390.

  1. All the continuing medical education and training course records are admissible except for the article about pediatric overdoses. Unless and until the Supreme Court instructs differently, the government must prove that Keller intended to distribute and did, in fact, distribute a controlled substance outside the usual course of professional practice. Information showing that Keller was aware of the dangers of opioid prescription and certain principles of pain management relating to opioid prescription at the time he prescribed to A.M. is probative of those elements. It does not, as the defense contends, suggest that mere malpractice—practice that

does not conform with those trainings—is sufficient to convict under section 841. There is also not a significant risk that the jury will confuse the documents as de facto expert testimony relevant to liability. But to avoid any confusion about the purpose for which the jury may consider this evidence, the defense may submit a proposed limiting instruction before the charging conference.

The risk of unfair prejudice from references to the dangers of opioid prescription and the opioid crisis does not substantially outweigh the documents' probative value. But in an abundance of caution, because of the potential reaction jurors could have to statistics about opioid-related deaths of children, the article about pediatric hospitalizations will be excluded under Rule 403, although the other articles in that issue may be introduced.

It is not necessary to admit all 1,350 pages of medical literature that Keller reviewed to satisfy his continuing education requirements under the Rule of Completeness. The pages the government proposes to introduce into evidence are not misleading without the introduction of those documents.

2. The OptumRX letters about A.M.'s prescriptions are admissible. Evidence that A.M.'s benefit provider repeatedly communicated concerns about over-prescription to Keller is very probative of Keller's intent to treat A.M. outside the scope of professional practice. While this evidence is certainly prejudicial, it is not unfairly so. The defense has not fully articulated its objection under Rule 802, but regardless, the letters fall within the scope of Rule 803(6).

3. The motion to admit the Medi-Cal claims data is granted. The parties agree that there is not a live dispute about these spreadsheets because the government has agreed to redact the personal information of uncharged patients.

4. The motion to admit the CURES database records of Keller's prescriptions is granted. The parties agree there is no live dispute about their admission.

5. The motion to admit Keller's CURES audit login is granted. The parties agree that there is no contested issue about its admission.

6. The motion to admit the CURES records of A.M.'s prescriptions is granted. The

parties agree there is not a live dispute about their admission. If the defense has an objection to U.S. 976590, which it had not yet reviewed at the time of the hearing, it must file a new motion explaining the basis of that objection within 21 days.

7. The motion to admit the CURES records of K.D.'s prescriptions is granted. The parties agree there is not a live dispute about their admission.

8. The motion to admit Keller's Medi-Cal enrollment and related records is granted, subject to the government redacting any mention of Keller's disciplinary proceedings. Although some of the listed pages appear to date back to the 1980s and 1990s, the government has represented that these records are a part of Keller's current enrollment packet that was operative at the time of these events.

The contractual language explaining practitioners' obligations with respect to the use of third-party billers who submit their claim reimbursements is probative of Keller's knowledge of his obligation to submit accurate claims, even when using a biller, and intent not to do so. That language does not risk misleading the jury about the standard for criminal liability in this case. The government does not intend to use it to argue that the doctrine of respondeat superior applies in criminal cases (and indeed, would not be permitted to do so), and the jury instruction for healthcare fraud clearly specifies the intent requirement. To the extent this distinction risks juror confusion, however, the defense may submit a proposed limiting instruction before the charging conference.

9. The motion to admit A.M.'s toxicology report is denied as moot in light of the parties' representation that they are on the verge of agreeing to a stipulation about this issue.

10. The motion to admit other business records, including A.R.'s claim records, A.M.'s claims records from Teamsters and Partnership, A.M.'s RiteAid prescriptions, and the Medicare PDE records upon which McNulty based her charts is granted. The defense has not objected to the authentication of these documents, which was the purpose of the government's motion. If the defense has any substantive objections to the admission of these documents, it must file a new motion to tee up those disputes for the Court within 21 days.

**IT IS SO ORDERED.**

Dated: May 13, 2022

VINCE CHHABRIA
United States District Judge